UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LEE STEPP,
    Plaintiff,

v.                                    Case No. 8:22-cv-590-KKM-AAS

C. BROWN,
A. HAGENBERGER
M. GONZALEZ,
J. ENNIS,
C. LAVIGNE, and
CHAD CHRONISTER,
    Defendants.
_____

## ORDER

Plaintiff Robert Lee Stepp brings an Amended Complaint under 42 U.S.C. § 1983. (Doc. 6.) As required by law, the Court must screen Stepp's Amended Complaint. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances). Because Stepp's Amended Complaint fails to state a claim upon which relief may be granted, the Court dismisses it without prejudice to the filing of a second amended complaint.

**I.    The Amended Complaint**

Stepp alleges that the following occurred on August 24, 2019, (Doc. 6 at 6):

> I was attacked by a K9 while I was already on the ground bitten several times. K9 Deputy J. Ennis refused to remove the K9 [and] allowed the K9 to continue to bite me. Deputy C.

> Brown, Deputy A. Hagenberger, Deputy Corporal M. Gonzalez, and Deputy C. Lavigne stood by and watched me being attacked and did not attempt to help[,] cheering the K9 on.

After the attack, Stepp received medical treatment at Tampa General Hospital. (*Id.*) He alleges that "a large chunk of [his] left calf" is missing. (*Id.*) He has a limp and "massive scarring." (*Id.*) Stepp seeks to recover $5 million in compensatory and punitive damages. (*Id.*) He wants the K9 to be retired and the deputies to be retrained or terminated. (*Id.*)

## II.    The Claims

Stepp asserts claims of excessive force and failure to intervene against the deputies and Sheriff Chronister in their individual capacities. "A genuine 'excessive force' claim relates to the manner in which an arrest was carried out, independent of whether law enforcement had the power to arrest." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) (quoting *Bashir v. Rockdale County, Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006)). "'[S]ome degree of physical coercion or threat'" during an arrest is permitted. *Vineyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

"The merits of excessive force claims are fact sensitive." *Anderson on behalf of MA v. Vazquez*, 813 F. App'x 358, 360 (11th Cir. 2020) (discussing precedent governing the constitutionality of using a K-9 to apprehend a suspect). Courts consider several factors to determine whether an officer's use of force was objectively reasonable, including: "'(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously

2

and sadistically.'" *Hadley*, 526 F.3d at 1329 (quoting *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000)). "[G]ratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley*, 526 F.3d at 1330. Furthermore, an officer may be liable for failing to intervene if the officer is present at the scene and "fails to take reasonable steps to protect the victim of another officer's use of excessive force." *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (citations omitted).

Although Stepp identifies his injuries, he fails to provide any factual context by which a court could evaluate the plausibility of the excessive force and failure-to-intervene claims. Stepp does not describe his actions preceding his apprehension (and thus whether there was a need for the application of force as alleged) or how the canine attack occurred. Without such factual detail, Stepp has not stated an excessive force claim because he has not alleged that the use of force was "gratuitous." *See e.g., Lancaster v. Adams*, No. 3:21-cv-559-BJD-JBT, 2021 WL 4502796, at *2 (M.D. Fla. Oct. 1, 2021) ("If Plaintiff wishes to proceed on a Fourth Amendment excessive force claim against the arresting officers, he must explain the circumstances under which force was used, including what he did and said, what *each* officer did and said, and the nature and extent of any injuries he sustained.") (emphasis in original). Furthermore, Stepp's allegations are too vague to determine which deputies allegedly used excessive force and which deputies allegedly failed to intervene. Finally, although Stepp names Sheriff Chronister as a defendant, he asserts no facts to describe Sheriff Chronister's involvement in the attack or a policy causing the canine attack that could render Chronister liable

under a supervisory theory. Therefore, the individual capacity claims as alleged against the deputies and Sheriff Chronister are dismissed.

### III. Conclusion

Accordingly, it is **ORDERED** that:

1. Stepp's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a. If Stepp wishes to amend his Amended Complaint to remedy the noted deficiencies, he shall file a second amended complaint no later than **July 27, 2022**.

    b. To amend his Amended Complaint, Stepp should complete a new civil rights complaint form, titling it "Second Amended Complaint." The Second Amended Complaint must include all of Stepp's claims that he wishes to pursue and may not refer back to, or incorporate, the original Complaint or the Amended Complaint. The Second Amended Complaint shall supersede the Amended Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The Second Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Stepp fails to file a Second Amended Complaint by the above deadline, this order dismissing the Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the

plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Stepp must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Stepp a copy of both the standard prisoner civil rights complaint form and this order.

**ORDERED** in Tampa, Florida on July 13, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge